**SANMINA–SCI CORPORATION and Sanmina Corporation, Appellant,**

v.

**Leonard OGBURN, Appellee.**

**No. 05–03–01576–CV.**

Court of Appeals of Texas, Dallas.

Nov. 30, 2004.

Rehearing Overruled Feb. 4, 2005.

---

Dean J. Siotos, Fox, Conner & Snelson, Dallas, Jeffrey J. Wolf, Jackson & Walker, LLP, Fort Worth, for Appellant.

Brian P. Lauten, Ted B. Lyon, Jr., Ted B. Lyon & Associates, P.C., Mesquite, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

This is a premises liability action brought by Leonard Ogburn after he was injured at a warehouse facility controlled by Sanmina–SCI Corporation and Sanmina Corporation. Sanmina appeals from the jury's verdict in favor of Ogburn contending there is no evidence to support the jury's finding the company had actual or constructive knowledge of the alleged dangerous condition on its premises that proximately caused Ogburn's injuries. Sanmina further contends there is no evidence or insufficient evidence to support the jury's award of $45,000 in future medical expenses. Ogburn responds that Sanmina had actual knowledge that its warehouse door was broken, making his injury caused by part of the door falling on him foreseeable. Furthermore, Ogburn argues the evidence of his need for future surgery and medications is sufficient to support the jury's award of future medical expenses. We conclude the evidence is sufficient to support both jury findings. We affirm the trial court's judgment.

### I.

At the time of the incident made the subject of this suit, Leonard Ogburn was employed as a truck driver by Consolidated Freight Company. Part of Ogburn's job responsibilities included making deliveries to a warehouse operated by Sanmina–SCI Corporation and Sanmina Corporation. While making a delivery to Sanmina on March 16, 2001, Ogburn attempted to lift one of the warehouse doors. As he was doing so, a heavy roller fell off the door, striking him on the shoulder. Ogburn claimed that, as a result of this incident, he suffered serious and possibly permanent injuries.

Ogburn brought this suit against Sanmina alleging claims for negligence and premises liability. According to Ogburn, Sanmina knew before he was injured that the door was broken and presented a hazard to others. At trial, Ogburn presented evidence that for several weeks before March 16, the door was routinely propped open with a pole or piece of wood to keep it from closing and he personally told the warehouse supervisor the door needed to be fixed before someone got hurt. Ogburn contended Sanmina was liable for his injuries because the company failed to repair the door, prevent its usage, or warn others of the danger posed by the door.

Although several Sanmina employees conceded at trial that they were aware the door was broken, the company contended it was unaware of any problem with the door rollers specifically and, therefore, it could not have foreseen one of the rollers falling off and hurting someone. After hearing the evidence, the jury found both parties negligent and attributed seventy percent of the negligence to Sanmina. The jury awarded Ogburn monetary damages to compensate him for his injuries, including $45,000 in future medical care expenses. Sanmina brought this appeal.

## II.

It its first issue on appeal, Sanmina contends the judgment against it should be reversed and a new judgment rendered in its favor because Ogburn presented no evidence at trial that Sanmina had actual or constructive knowledge of any "unreasonably dangerous condition" involving the warehouse door that would cause a roller to fall off and injure someone. Sanmina argues its awareness that the door would not remain open unless propped open constitutes knowledge of an "unrelated condition" and such knowledge cannot be substituted for knowledge of the specific dangerous condition that caused Ogburn's injury. Ogburn responds that Sanmina is impermissibly attempting to narrow the knowledge and foreseeability requirements for liability by redefining the alleged dangerous condition in this case. We agree.

It has long been the law that when an occupier of premises has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, it has a duty to take whatever action is reasonably prudent under the circumstances to reduce or eliminate the unreasonable risk from that condition. *See Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983). An occupier is considered to have constructive knowledge of any dangerous condition that a reasonably careful inspection would reveal. *See id.*

A condition poses an unreasonable risk of harm for premises-defect purposes when there is sufficient probability a harmful event will occur that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *County of Cameron v. Brown,* 80 S.W.3d 549, 556 (Tex.2002). Foreseeability requires only that the general danger of a harmful event occurring be foreseeable.

*Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). Foreseeability does not require anticipation of just how injuries will grow out of the dangerous situation. *Clark v. Waggoner,* 452 S.W.2d 437, 440 (Tex.1970).

In this case, it is undisputed that Sanmina had actual knowledge that its warehouse door was broken and would roll closed unless it was propped open. Ogburn himself warned the warehouse supervisor that the door was a safety issue before he was injured. When the door was eventually repaired after Ogburn was injured, new rollers needed to be installed. Although Sanmina may not have been aware of the specific problem with the rollers, it was aware of the dangerous condition created by the broken door. Simply because Ogburn was injured by the door in a different manner than might have been anticipated does not change the fact that his injury was foreseeable. *See Brown,* 80 S.W.3d at 556–57. We conclude the evidence is legally sufficient to support the jury's finding that Sanmina had actual or constructive knowledge of the unreasonably dangerous condition that proximately caused Ogburn's injuries. We resolve Sanmina's first issue against it.

In its second issue, Sanmina contends the evidence is legally and factually insufficient to support the jury's award of $45,000 in future medical expenses. To recover future medical expenses, a plaintiff must show there is a "reasonable probability" that such expenses will be incurred in the future. *See Columbia Med. Ctr. of Las Colinas v. Bush,* 122 S.W.3d 835, 862–63 (Tex.App.-Fort Worth 2003, pet. denied). This includes evidence proving that, in all reasonable probability, future medical care will be required and the reasonable cost of such care. *See Daimler-Chrysler Corp. v. Hillhouse,* No. 04–02–

00548–CV, 2004 WL 1195687 (Tex.App.-San Antonio Jun. 2, 2004, no pet. h.). The determination of what amount, if any, to award in future medical expenses is within the jury's sound discretion. *See Bush*, 122 S.W.3d at 863. Because issues such as life expectancy, medical advances, and the future costs of products and services are, by their very nature, uncertain, appellate courts are particularly reluctant to disturb a jury's award of these damages. *See Pipgras v. Hart*, 832 S.W.2d 360, 365 (Tex. App.-Fort Worth 1992, writ denied).

 At trial, both Ogburn's treating physician, Dr. W.Z. Burkhead, and Sanmina's expert medical witness, Dr. James Walter, presented their opinions about Ogburn's need for future medical care. Both doctors discussed Ogburn's need for more treatment including a surgical procedure known as a glenohumeral fusion. Among the documents admitted into evidence was Dr. Burkhead's written opinion in which he stated that Ogburn had elected not to have the glenohumeral fusion. Dr. Burkhead further opined, however, that if Ogburn's condition did not improve significantly, he would need to have the surgery. Dr. Burkhead orally confirmed in his testimony before the jury that Ogburn had chosen not to have the surgery and stated, as a result, he was not recommending the surgery at that time. But Dr. Burkhead also stated there was a reasonable probability that Ogburn would eventually need to undergo the glenohumeral fusion. Burkhead estimated the cost of the surgery to be approximately $25,000. Sanmina's expert, Dr. Walter, agreed with Dr. Burkhead's opinion both as to the reasonable probability that the glenohumeral fusion would be required and the reasonable cost of the procedure.

In addition to the surgery, Ogburn presented evidence that his future medical care needs would include the cost of medi-cation. Ogburn testified his medication expense was approximately $300 per month and he would need to take the medication for the rest of his life. At the time of trial, he was fifty-six years old.

Based on the foregoing, we conclude the evidence is legally and factually sufficient to support the jury's award of future medical expenses. We resolve Sanmina's second issue against it.

We affirm the trial court's judgment.