**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED and Opinion Filed August 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00765-CV**

**ALEXANDER FERNANDEZ AND**
**VERONICA GUERRERO GUTIERREZ, Appellants**
**V.**
**OMARI DUNLAP AND LILLIE SAYLES (A/N/F MINOR L.G.), Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-10756**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Garcia

This is a car-crash case. Defendants-appellants did not appear for trial. After taking evidence in the form of affidavits and other documentary evidence, the trial judge rendered judgment in favor of plaintiffs-appellees for damages totaling about $145,000. On appeal, defendants raise complaints about (1) lack of service of process, (2) lack of notice of the trial and subsequent final disposition hearing, (3) an error in the judgment's identification of one of the defendants, and (4) the sufficiency of the evidence to support certain categories of damages awarded to the

plaintiffs. We sustain the sufficiency challenges as to the awards for damage to appellee Lillie Sayles's vehicle, overrule the rest of appellants' issues, and remand the case for a new trial solely on Sayles's property-damage claims.

## I. BACKGROUND

In August 2021, appellees sued two defendants for damages allegedly arising from a two-vehicle accident that occurred in December 2020. One defendant was appellant Veronica Guerrero Gutierrez. The other was an individual who was named "Alexander E. Fernandez" in the style of the case but merely "Alexander Fernandez" in the body of the petition. Appellees alleged that Fernandez, while driving a vehicle that Gutierrez had entrusted to him, ran into another vehicle in which appellee Omari Dunlap and minor L.G. were riding as passengers. They further alleged that Dunlap and L.G. were injured in the accident.

The record reflects that process was served on "Alexander E. Fernandez" in Plano on September 29, 2021, and was served on "Alexander Fernandez" in Lancaster on October 8, 2021.

On October 15, 2021, a joint answer was filed for Alexander E. Fernandez and Gutierrez by an attorney with the Manuel Diaz Law Firm, P.C. That same day, an attorney with the Lanza Law Firm, P.C. filed a separate answer solely on behalf of Alexander E. Fernandez.

On January 28, 2022, appellees filed an amended petition against Gutierrez and "Alexander Fernandez." They explained that they were filing the amended

petition because originally they mistakenly sued and served Alexander E. Fernandez instead of Alexander Fernandez. That same day, appellees also filed a motion to nonsuit Alexander E. Fernandez. On February 1, 2022, the trial judge signed an order dismissing Alexander E. Fernandez from the case. The computerized docket sheet reflects that citation was issued in connection with the amended petition, but it lists this citation as "unserved" as to Alexander Fernandez.

On April 5, 2022, the Manuel Diaz Law Firm filed a motion to withdraw from representing "Defendants, Alexander Fernandez and Veronica Guerrero Gutierrez." The motion recited that both defendants had the same last known address in Lancaster. On April 12, 2022, the trial judge signed an order granting the motion to withdraw.

The docket sheet includes an entry indicating that the case was set for the jury trial the morning of March 6, 2023.

The final judgment recites that the case was reached for jury trial on March 7, 2023, but "Defendants" did not appear. The judgment further recites that appellees waived trial by jury and that "[t]he cause then proceeded to trial by submitting affidavits by the Plaintiffs introducing evidence to the Court." We do not have a reporter's record for the March 7 proceedings.

Next, the docket sheet reflects that a "Final Disposition Hearing" took place on April 11, 2023. That docket entry includes the note "*TRIAL HELD 3-7-23; WAITING ON AFFIDAVITS FROM P.*" The trial court's notice letters to the parties

–3–

state that the April 11 setting was for "FINAL DISPOSITION **BY SUBMISSION**," which suggests that no live hearing was held. If there was a live hearing on April 11, we do not have a reporter's record from it.

On May 17, 2023, each appellee filed an affidavit with additional documents attached.

On May 22, 2023, appellants jointly filed a first amended answer, which was signed by a new lawyer from the Keramidas Law Firm.

The docket sheet indicates that a "Final Disposition Hearing" took place on May 23, 2023. As with the April 11 setting, the trial court's notices to the parties about this setting state that it would be conducted by submission. If there was a live hearing on May 23, we do not have a reporter's record from it.

On May 24, 2023, the trial judge signed the final judgment. The judgment awards appellees a total of roughly $145,000 in damages and almost $20,000 in prejudgment interest. Both the style and the body of the final judgment refer to Fernandez as "Alexander E. Fernandez" rather than "Alexander Fernandez." The judgment includes language sufficient to make it final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

Gutierrez timely filed a motion to set aside the judgment and for a new trial, arguing that she had not received notice of the trial setting or of the May 23 final disposition hearing. Appellees filed a response, and the trial judge held a non-

–4–

evidentiary hearing on Gutierrez's motion. The judge denied Gutierrez's motion by written order.

Fernandez and Gutierrez timely appealed. They filed a joint appellants' brief, and appellees likewise filed a joint brief. Appellants did not file a reply brief, and we submitted this appeal without oral argument.

## II.  ISSUES PRESENTED

Appellants raise seven issues on appeal, which we paraphrase as follows:

1. The judgment against Fernandez is invalid for lack of proper service of appellees' first amended petition.

2. The judgment is invalid because appellants answered before the judgment was signed but did not receive notice of the trial setting or the final disposition hearing.

3. The judgment is invalid because it incorrectly names a nonsuited individual as a defendant.

4. The award for L.G.'s future medical expenses is supported by legally or factually insufficient evidence.

5. The awards for Dunlap's and L.G.'s past impairment and mental anguish are supported by legally or factually insufficient evidence.

6. The awards for Dunlap's and L.G.'s past pain and suffering and for L.G.'s future pain and suffering are supported by legally or factually insufficient evidence.

7. The awards for property damage and loss of use of a vehicle are supported by legally or factually insufficient evidence.

## III.  ANALYSIS

### A.  Issue One: Is the judgment against Fernandez invalid for lack of proper service of appellees' first amended petition?

Appellants' first issue concerns only appellant Fernandez. He argues that there is no record evidence that he was ever served with process regarding appellees' first amended petition, so the judgment must be reversed as to him.

Appellees respond that Fernandez made a general appearance by joining in the first amended answer that was filed on May 22, 2023—the day before a final disposition hearing and two days before the final judgment was signed. *See* TEX. R. CIV. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."). That answer specifically refers to appellees' first amended petition.

Fernandez's argument is based solely on the alleged absence of service of process on him; he does not address the fact that he answered appellees' first amended petition two days before the trial judge signed the final judgment. Under Rule 121, the answer constituted a general appearance and waived any complaints about service of process. *See id.*; *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied) ("[F]iling an answer waives any complaints about service."). Thus, when the judgment was signed Fernandez had already submitted to the trial court's jurisdiction and was before the court for all purposes. *See Cooper v. Hunt*, No. 05-14-00928-CV, 2016 WL 1213299, at *4 (Tex. App.—Dallas Mar. 29, 2016, no pet.) (mem. op.) ("A defendant

–6–

who enters an appearance by filing an answer is before the court for all purposes.") (internal quotation and citation omitted); *see also CIGNA Ins. Co. v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex. App.—Austin 1995, no writ) ("Although service is required before a judgment can be rendered against a defendant, a trial court can render judgment if a defendant either waives service or *voluntarily* appears before the court.").

For these reasons, we overrule appellants' first issue on appeal.

## B. Issue Two: Is the judgment erroneous because appellants answered before the judgment was signed but did not receive notice of the trial setting or the final disposition hearing?

In their second issue, appellants complain that they did not receive notice of either the trial date or the final disposition hearing even though they had answered the lawsuit before judgment was signed. They contend that this defect entitles them to relief under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939), and *Mathis v. Lockwood*, 166 S.W.3d 743 (Tex. 2005) (per curiam).

We address error preservation before turning to the merits of this issue.

### 1. Fernandez's Failure to Preserve Error

Although the parties do not discuss error preservation, we conclude that Fernandez has not preserved for appeal any complaint about notice of the trial or the May 23 final disposition hearing.

Generally, a party may not raise a complaint on appeal unless the record shows that he (i) made the complaint to the trial court by a proper and timely request, objection, or motion and (ii) either obtained a ruling or objected to the trial judge's failure to rule. *See* TEX. R. APP. P. 33.1(a).

In this case, Gutierrez raised a lack-of-notice complaint in the trial court in her motion to set aside judgment and for new trial. But Fernandez did not join in that motion. *See In re M.H.*, No. 05-22-00017-CV, 2022 WL 3135919, at *8 (Tex. App.—Dallas Aug. 5, 2022, no pet.) (mem. op.) (stating that a party cannot rely upon another party's objection to preserve error). Nor did Fernandez raise a lack-of-notice complaint in the trial court by any other means. The records shows that Fernandez had the same opportunity to raise the complaint that Gutierrez did—they were represented by the same lawyer, who filed a joint answer for both Fernandez and Gutierrez before judgment but then filed the postjudgment motion to set aside judgment and for new trial on behalf of Gutierrez alone. *See Nelson v. Methodist Dallas Med. Ctr.*, No. 05-21-00925-CV, 2022 WL 4103089, at *1 (Tex. App.—Dallas Sept. 8, 2022, pet. denied) (mem. op.) ("[I]n the context of an enduring attorney–client relationship, knowledge acquired by the attorney is imputed to the client.") (internal quotation and citation omitted).

Because Fernandez did not raise a lack-of-notice complaint in the trial court, he cannot raise it on appeal. *See In re M.M.M.*, No. 05-19-00392-CV, 2019 WL 4744694, at *3–4 (Tex. App.—Dallas Sept. 30, 2019, pet. denied) (mem. op.)

(holding that defendant forfeited lack-of-notice argument by failing to file a motion for new trial). We overrule appellants' second issue as to Fernandez.

### 2. Gutierrez's Lack-of-Notice Complaint

Gutierrez preserved her lack-of-notice complaint by raising it in her motion for new trial. We review the denial of that motion for abuse of discretion. *See Dugan v. Compass Bank*, 129 S.W.3d 579, 582 (Tex. App.—Dallas 2003, no pet.). A trial judge abuses her discretion if (i) she fails to analyze or apply the law correctly, or (ii) with regard to factual matters or matters committed to her discretion, she could reasonably reach only one decision and failed to do so. *VSDH Vaquero Venture, Ltd. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at *4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.).

Appellees argue that Gutierrez's complaint fails because (i) her new-trial motion was procedurally defective because it was not supported with an affidavit and (ii) in any event, Gutierrez bore the burden to overcome the presumption that she received notice, and she necessarily failed to carry her burden because she adduced no evidence that she did not receive notice.

A defendant is entitled to relief from a post-answer default judgment if (i) the defendant's failure to appear was not intentional or the result of conscious indifference but rather was due to an accident or mistake, (ii) the defendant's motion for new trial sets up a meritorious defense, and (iii) the granting of the motion will occasion no delay and will not otherwise work an injury to the plaintiff. *Carillo v.*

*Zaragoza*, No. 05-23-00282-CV, 2024 WL 2873635, at \*2 (Tex. App.—Dallas June 7, 2024, no pet. h.) (mem. op.). If the defaulting defendant was not given notice of the trial setting, the first element is satisfied, and the defendant need not prove the second and third elements. *See id*.; *see also Mathis*, 166 S.W.3d at 744 (indicating that a new-trial movant bears the burden of proving lack of notice of a trial setting).

The law generally presumes that a trial judge hears a case only after proper notice to the parties. *Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism'd); *accord In re B.A.E.*, No. 05-12-01113-CV, 2013 WL 4041551, at \*2 (Tex. App.—Dallas Aug. 9, 2013) (mem. op.), *supp. op. on reh'g*, 2013 WL 5827851 (Tex. App.—Dallas Oct. 29, 2013, pet. denied) (mem. op.); *D'Olivio v. Hermus*, No. 05-18-01126-CV, 2020 WL 3396441, at \*3 (Tex. App.—Dallas June 19, 2020, pet. denied) (mem. op.). To overcome this presumption, the appellant must affirmatively show lack of notice. *Hanners*, 860 S.W.2d at 908. The appellant cannot discharge this burden with mere allegations in a motion for new trial; rather, she must show by affidavits or other competent evidence that proper notice was not received. *Id*.; *see also Mathis*, 166 S.W.3d at 744–45 (holding that new-trial movant overcame the presumption with (i) sworn motion denying notice of the trial setting and (ii) testimony at the new-trial hearing denying receipt of notice).

Here, Gutierrez's new-trial motion was unverified and unsupported by evidence. She also failed to introduce any evidence disproving notice at the new-

–10–

trial hearing. Accordingly, Gutierrez failed to rebut the presumption of notice, and the trial judge did not abuse her discretion by denying Gutierrez's motion for new trial. *See D'Olivio*, 2020 WL 3396441, at *3; *In re B.A.E.*, 2013 WL 4041551, at *2–3; *see also Jones-Gilder v. Gilder*, No. 05-22-00517-CV, 2023 WL 3114675, at *2 (Tex. App.—Dallas Apr. 27, 2023, no pet.) (mem. op.) ("Because nothing in the record affirmatively shows a lack of notice, Wife has not overcome the presumption of proper notice.").

### 3. Conclusion

We overrule appellants' second issue on appeal.

## C. Issue Three: Is the judgment invalid because it incorrectly names a nonsuited individual as a defendant?

In their third issue, appellants point out that the judgment names the liable defendants as Gutierrez and "Alexander E. Fernandez" even though the trial judge had previously dismissed Alexander E. Fernandez from the suit based on appellees' nonsuit. Appellants contend (i) that this error is evidence that appellant Fernandez was never served or given notice of the suit and (ii) that the judgment is invalid as to appellant Fernandez. Gutierrez raised this error in her motion for new trial. Appellees respond that a misnomer in a judgment does not invalidate the judgment as between parties if the record and judgment together point out with certainty the persons and subject matter to be bound.

We disagree with appellants' initial contention that the erroneous inclusion of a nonsuited defendant in the judgment shows that appellant Fernandez was not

–11–

properly served or given notice of the suit. The fact that the judgment erroneously refers to "Alexander E. Fernandez" instead of Alexander Fernandez appears to be a scrivener's error, and it says nothing about whether Fernandez was served or received notice.

As for appellants' contention that the judgment is "invalid" as to appellant Fernandez, they cite no authority in support. The failure to cite authority forfeits the argument. *See* TEX. R. APP. P. 38.1(i) (argument section of appellant's brief must contain "appropriate citations to authorities").

We overrule appellants' third issue on appeal.

## D. Issues Four Through Seven: Is the evidence legally or factually insufficient to support certain awards of damages?

In their remaining issues, appellants challenge the sufficiency of the evidence to support certain damages awards in the judgment.

### 1. Background

Before turning to appellants' sufficiency issues, we briefly summarize the procedural posture of the case, the evidence that was before the trial judge, and the damages findings.

#### a. Procedural Posture

The procedural posture of this case is unusual. Neither appellant appeared at trial on March 7, 2023. Gutierrez had answered before trial, so as to her the judgment is a "post-answer default." *See Hanners*, 860 S.W.2d at 910. This means that all issues were in dispute as to Gutierrez, and appellees were required to offer evidence

–12–

at trial to prove their claims against her. *See id.*; *see also Rhodes v. Kelly*, No. 05-16-00888-CV, 2017 WL 2774452, at *10 (Tex. App.—Dallas June 27, 2017, pet. denied) ("[A] post-answer default judgment can generally be challenged for sufficiency of the evidence.").

It is less clear whether Fernandez's default should be treated as a no-answer default or a post-answer default. Given that two pre-trial answers were filed on behalf of "Alexander E. Fernandez" on the same day by two different law firms, it is plausible that one of those answers was intended to be filed for appellant Fernandez and the other was filed for the subsequently nonsuited "Alexander E. Fernandez." Also, it is undisputed that appellant Fernandez joined with Gutierrez in a first amended answer that was filed after trial but before judgment was signed. Moreover, appellees do not argue in their appellate brief that we should treat the judgment as to Fernandez as a no-answer default judgment. In the end, though, the distinction between no-answer defaults and post-answer defaults is irrelevant because appellants challenge only the trial judge's damages findings. In a no-answer-default situation, all alleged facts are deemed admitted *except* the amount of unliquidated damages. *See Guardiola v. Moosa*, No. 05-20-00503-CV, 2021 WL 1220694, at *3 (Tex. App.—Dallas Apr. 1, 2021, no pet.) (mem. op.). Thus, Fernandez can challenge the sufficiency of the evidence to support the damages findings just like Gutierrez can. *See Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.) ("The legal and factual

sufficiency of evidentiary support for unliquidated damages may be challenged on appeal from a no-answer default judgment.") (footnote omitted); *see also* TEX. R. APP. P. 33.1(d) (after bench trial, sufficiency points may be raised for the first time on appeal).

### b. The Evidence and the Damages Findings

As for the evidence, the May 24, 2023 final judgment indicates that no evidence was admitted when the case was called for trial. It recites that appellees waived trial by jury, and "[t]he cause then proceeded to trial by submitting affidavits by the Plaintiffs introducing evidence to the Court." The clerk's record contains affidavits by Dunlap and Sayles filed on May 17, 2023. Neither side contends that the trial judge had any evidence before her other than the May 17 affidavits and their attachments. Thus, we will presume that the trial judge took no evidence at the trial or at either of the two "final disposition hearings" listed on the docket sheet, and we will treat appellees' affidavits and attachments as the entirety of the evidence before the trial judge.

The final judgment contains the following damages awards:

- $3,687 for Dunlap's past medical expenses;
- $7,374 for Dunlap's past pain, suffering, and mental anguish;
- $7,374 for Dunlap's past impairment;
- $12,495.08 for L.G.'s past medical expenses;
- $9,950 for L.G.'s future medical expenses;
- $24,990.16 for L.G.'s past pain and suffering;
- $4,975 for L.G.'s future pain and suffering;
- $24,990.16 for L.G.'s past impairment and mental anguish;
- $34,609.56 for Sayles's property damage; and

–14–

- $15,000 for Sayles's loss of use of her vehicle from the date of the accident to the present.

Because the record does not contain any other findings of fact, we accept these as valid findings. *See Lee v. Paik*, No. 05-17-01406-CV, 2019 WL 1033869, at *2 (Tex. App.—Dallas Mar. 5, 2019, no pet.) (mem. op.).

## 2. Standards of Review

We review a trial court's fact findings under the same legal and factual sufficiency standards that apply to a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

When an appellant attacks the legal sufficiency of the evidence to support an adverse finding on an issue on which she did not have the burden of proof, she must show that no evidence supports the finding. *Guillory v. Dietrich*, 598 S.W.3d 284, 293 (Tex. App.—Dallas 2020, pet. denied). When evidence is so weak that it does no more than create a surmise or suspicion of the matter to be proved, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Id*. The evidence is legally sufficient if it is sufficient to enable reasonable and fair-minded people to reach the finding under review. *Id*. In conducting our review, we view the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *Id*. We must credit evidence favorable to the finding if a reasonable person could, and we must disregard contrary evidence unless a reasonable person could not. *Id*.

When an appellant challenges the factual sufficiency of the evidence to support an adverse finding on an issue on which it did not have the burden of proof, it must demonstrate that there is insufficient evidence to support the adverse finding. *See Griggs v. Cohen*, No. 05-19-01174-CV, 2020 WL 6128225, at *2 (Tex. App.—Dallas Oct. 19, 2020, no pet.) (mem. op.). In reviewing the challenge, we consider all the evidence in the record and set the finding aside only if the evidence supporting the finding is so weak or the finding is so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *See id*.

### 3.    Summary of the Evidence

Viewed in the light most favorable to the judgment, the affidavits and the attachments to them generally showed the following.

Medical records state that Sayles is Dunlap's and L.G.'s grandmother.

On December 20, 2020, Dunlap and L.G. were passengers in the back seat of a 2017 GMC Sierra when that vehicle was T-boned by a Chevrolet C10 driven by Fernandez. Dunlap was 17 at the time of the accident, and L.G. was 12. Dunlap suffered a concussion in the accident, lost consciousness for about ten minutes, and experienced pain in his left shoulder, hip, and groin. L.G. suffered injuries to her abdomen, left elbow, right ribs, and right ankle. Sayles and her husband owned the Sierra involved in the accident.

The day after the accident, both Dunlap and L.G. were treated at the Parkland Hospital emergency department and released.

Records indicate that Dunlap sought additional medical treatment for pain in January and February 2021. Dunlap's affidavit, which he signed about one month before the final judgment was signed, recited, "Since the collision, I have been experiencing fear/anxiety of driving," and, "I have also suffered from muscle spasms that occur randomly in my left shoulder, affecting my routine daily activities."

Medical records show that L.G. obtained treatment at a pain clinic from January 7 to April 7, 2021. The clinic's final report noted that a specialist in pain management recommended that L.G. use analgesics and continue therapy and that she should receive an injection if her pain persisted. In her affidavit, Sayles testified that L.G. "has been experiencing fear/anxiety of traveling with a motor vehicle" and that L.G. "has some pain lingering in her left knee and her right ankle."

Sayles's affidavit also said that she obtained a property-damage estimate of $34,609.56 and that she was requesting $15,000 for loss of use of the Sierra from the date of the accident to the present.

### 4. Appellants' Specific Challenges

#### a. Issue Four: Future Medical Expenses

The trial judge awarded $9,950 in damages for L.G.'s future medical expenses. In issue four, appellants contend that there is no evidence or factually insufficient evidence to support this award. We disagree for the following reasons.

To recover future medical expenses, a plaintiff must show there is a reasonable probability that such expenses will be incurred in the future. *Sanmina-*

*SCI Corp. v. Ogburn*, 153 S.W.3d 639, 642 (Tex. App.—Dallas 2004, pet. denied). This includes evidence proving that, in all reasonable probability, future medical care will be required and the reasonable cost of such care. *Id*. The factfinder may base an award on the nature of the plaintiff's injuries, the plaintiff's past medical treatment, and the plaintiff's condition at trial. *Griggs*, 2020 WL 6128225, at *2. Because issues such as life expectancy, medical advances, and the future cost of medical products and services are inherently uncertain, appellate courts are particularly reluctant to disturb these awards. *See Sanmina-SCI Corp.*, 153 S.W.3d at 643.

The $9,950 award of future medical expenses is supported by the following evidence. Sayles testified in her affidavit, "[M]edical doctors who treated Minor, L.G. estimated her future medical expenses in an amount of not lower than $9,950.00." The April 7, 2021 final report from Premier Injury Clinics of DFW recites as follows:

> There is a reasonable degree of medical probability that [L.G.] will require future care at some point in her life to include, but not limited to, further rehabilitation, chiropractic care, and pain management. I expect that her future medical expenses from this accident could be as follows: Therapy rehabilitation will be around $1,500–2,000.

A March 2021 progress note from a doctor at Momentum Spine & Joint recites, "Recommendation for treatment if symptoms or condition worsens: Right Ankle Injection." An undated estimate for a "RIGHT ANKLE INJECTION" that appears on Momentum Spine & Joint letterhead recites an estimate of $7,950. And Sayles

–18–

testified in her affidavit signed just one month before the judgment was signed that L.G. was still experiencing pain in her right ankle.

Based on the totality of the evidence and our great deference to the factfinder when it comes to future medical expenses, we conclude that the evidence is legally and factually sufficient to support the $9,950 award. *See Griggs*, 2020 WL 6128225, at *2–3 (upholding future-medical-expenses award of $10,600 based on evidence that plaintiff continued to experience pain and would most likely continue to experience problems that "could have to be addressed in the future"). We overrule appellants' fourth issue.

### b.    Issue Five: Dunlap's Past-Impairment Damages

The trial judge found that Dunlap's damages for past impairment were $7,374. As part of their fifth issue, appellants contend that there is insufficient evidence to support a finding of any past impairment.

Physical impairment is a category of personal-injury damages. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003). If the factfinder treats physical impairment separately from elements such as pain, suffering, mental anguish, and disfigurement, loss of enjoyment of life is the main loss that physical-impairment damages are intended to compensate. *See id*. If these elements are submitted separately in a jury case, the jury should be instructed that (i) the effect of any physical impairment must be substantial and extend beyond any pain, suffering,

mental anguish, lost wages, or diminished earning capacity and (ii) a claimant should not be compensated more than once for the same elements of loss or injury. *See id*.

We reject appellants' argument. Dunlap testified by affidavit that after the accident he experienced "fear/anxiety of driving" and that he suffered from random muscle spasms in his left shoulder that affected his routine daily activities. He also testified that he suffered a concussion, which the trial judge could infer limited Dunlap's activities during the recovery period. A medical record from a visit to a Premier Injury Clinics of DFW facility about two and a half weeks after the accident recites: "Since the accident [Dunlap] has been experiencing difficulties while performing the following activities: Domestic (inside): chores, hobbies, walking." The health-care provider also recorded that he advised Dunlap against any strenuous activities "for the time being." Records indicate that Dunlap received massage therapy and exercise therapy for his injuries several times. We conclude that there is legally and factually sufficient evidence that Dunlap experienced some compensable physical impairment as a result of the accident. *See Guardiola*, 2021 WL 1220694, at *4 (evidence that plaintiff engaged in physiotherapy and exercises for car-wreck injuries was sufficient to support physical-impairment damages).

### c.    Issues Five and Six: Dunlap's Damages for Past Pain, Suffering, and Mental Anguish

The trial judge awarded Dunlap $7,374 for Dunlap's "pain and suffering and mental anguish incurred in the past." As parts of their fifth and sixth issues, appellants argue (i) that Dunlap adduced no evidence of compensable mental

–20–

anguish and (ii) because the judge combined Dunlap's mental-anguish damages with his pain-and-suffering damages, it is impossible to tell how much of the award is attributable to each component. Appellants' second point is factually correct, but it is actually detrimental to appellants' sufficiency challenge.

If a trial judge makes a damages finding that combines multiple elements of damages, and one of those elements is unsupported by the evidence, the aggrieved party must preserve this complaint by proper action in the trial court. *See Macy's Retail Holdings, Inc. v. Benavides*, No. 05-19-01264-CV, 2021 WL 3573363, at *11 (Tex. App.—Dallas Aug. 12, 2021, pet. denied) (mem. op.). If the aggrieved party fails to do so, on appeal it is limited to challenging the sufficiency of the evidence to support the damages award as a whole. *Id*. The appellate court will uphold the award if the amount is supported by sufficient evidence of any listed damages element. *Id*. And if the appellant does not challenge the sufficiency of the evidence to support the damages finding as a whole, the appellant forfeits the challenge. *See Ake v. Monroe*, No. 04-05-00751-CV, 2006 WL 3017181, at *4 (Tex. App.—San Antonio Oct. 25, 2006, no pet.) (mem. op.).

In this case, appellants made no complaint in the trial court that the judge had erred by not making a separate finding as to Dunlap's mental-anguish damages alone. And they do not argue on appeal that the evidence is insufficient to support the combined award of $7,374 for Dunlap's past pain, suffering, and mental anguish. Accordingly, we reject appellants' challenges of that award. *See id*. Moreover, even

–21–

if appellants had challenged the award as a whole, we would conclude that the evidence of Dunlap's pain and suffering from the accident is sufficient to support the entire award. Dunlap's affidavit gives some description of the physical pain he experienced after the accident, and his medical records further show that he had ongoing pain for a few weeks after the accident. For this reason as well, we reject appellants' challenge.

### d. Issue Five: L.G.'s Past Impairment and Mental-Anguish Damages

The trial judge awarded L.G. $24,990.16 for "impairment and mental anguish incurred in the past." As part of their fifth issue, appellants argue that there is insufficient evidence to support both components of this award.

Because appellants did not complain in the trial court about the combined award for these two elements of damages, their burden on appeal is to show that neither element is supported by sufficient evidence. *See Macy's Retail Holdings*, 2021 WL 3573363, at *11. As noted above, a past-impairment finding can be supported with evidence that the plaintiff had to undergo therapy in order to recover from her injuries. *See Guardiola*, 2021 WL 1220694, at *4 (evidence that plaintiff engaged in physiotherapy and exercises for car-wreck injuries was sufficient to support physical-impairment damages).

We conclude that the evidence that L.G. suffered past impairment is sufficient to support the award as a whole. According to Sayles's affidavit, L.G. experienced a great deal of pain after the accident in her ribs, abdomen, left elbow, and right

ankle. This pain extended through and after her medical treatment following the accident. L.G. still had lingering pain in her left knee and right ankle when Sayles signed her affidavit in April 2023, and Sayles also reported that both joints were "constantly popping" when L.G. walked, moved, and performed daily activities. Medical records show that L.G. was treated at Premier Injury Clinics of DFW for roughly three months after the accident. A January 7, 2021 report states that L.G. was "experiencing duress while performing the following activities: Domestic (inside): chores, hobbies, walking." A March 4, 2021 report states that L.G.'s injuries were causing a sleep disorder and were affecting her ability to play sports. It appears that she received therapy, including massage and exercise therapy, on roughly 20 occasions from January 7 through April 1, 2021. According to the final report, L.G. experienced "moderate improvement with a course of conservative care [and her] ranges of motion have improved moderately."

Based on the foregoing evidence, we conclude that the award of $24,990.16 to L.G. for past impairment and mental anguish is supported by legally and factually sufficient evidence. *See Macy's Retail Holdings*, 2021 WL 3573363, at \*11; *Guardiola*, 2021 WL 1220694, at \*4.

### e. Issue Six: L.G.'s Past and Future Damages for Pain and Suffering

The trial judge awarded L.G. $24,990.16 for her pain and suffering in the past and $4,975 for her pain and suffering in the future. As part of their sixth issue, appellants challenge the sufficiency of the evidence to support these awards. Given

the inherent subjectivity of pain and suffering, the trier of fact has broad discretion when determining such damages. *D. Burch, Inc. v. Catchings*, No. 05-08-00278-CV, 2009 WL 2581862, at *4 (Tex. App.—Dallas Aug. 24, 2009, pet. denied) (mem. op.).

As to L.G.'s past pain and suffering, we conclude that Sayles's affidavit and L.G.'s medical records provide ample support for the award. The evidence shows that L.G.'s experienced pain at the time of the accident and ongoing pain for which she sought medical treatment for over three months following the accident. The medical records state that she occasionally lost sleep because of her pain. Sayles testified by affidavit that L.G. continued to experience pain after her treatment ended and still had lingering pain when Sayles signed her affidavit roughly one month before final judgment. Based on the foregoing evidence, we reject appellants' challenge of the award for L.G.'s past pain and suffering.

As for the award for L.G.'s future pain and suffering, appellants argue that there is no objective evidence that L.G.'s injuries will continue to adversely affect her in the future. They rely on cases such as *Goldberg v. Dicks*, in which the court said, "There must be some objective evidence that an injury will continue to adversely affect the party claiming such damages [for future physical pain]." No. 12-02-00053-CV, 2004 WL 253250, at *17 (Tex. App.—Tyler Feb. 11, 2004, pet. denied) (mem. op.).

We reject appellants' argument. L.G.'s MRI report from March 2021 contains injury findings such as a "grade I strain of the insertion of the tibialis posterior tendon," L.G.'s April 2021 final report from Premier Injury Clinics of DFW recites, "There is a reasonable degree of medical probability that the patient will require future care at some point in her life to include, but not limited to, further rehabilitation, chiropractic care, and pain management." In her affidavit, Sayles testified that L.G. still had pain lingering in her left knee and right ankle only about a month before final judgment. To the extent Texas law require future-pain awards to be supported by "objective evidence" of continued adverse effects, we conclude that an MRI report plus an expert opinion expressed in terms of reasonable medical probability are enough to satisfy that requirement. *See Wal-Mart Stores Tex., LP v. Crosby*, 295 S.W.3d 346, 354 (Tex. App.—Dallas 2009, pet. denied) (holding that award for future pain and suffering was adequately supported by plaintiff's testimony that he was still experiencing continuous pain and expert's testimony that plaintiff would likely never be pain-free). We further conclude that the evidence taken as a whole is legally and factually sufficient to support the award of future pain-and-suffering damages to L.G.

### f. Issue Seven: Sayles's Property-Damage and Loss-of-Use Damages

The trial judge awarded $34,609.56 for Sayles's "property damage" and $15,000 for Sayles's "loss of use of her vehicle" from the date of the accident to the date of judgment. Appellants contend that these awards are supported by insufficient

evidence. Specifically, they argue that the only evidence supporting these awards is conclusory and thus nonprobative. Appellees respond that the evidence is sufficient to support the awards.

In a tort case for damaged personal property, the default rule for measuring direct damages is the difference in the property's value before and after the injury at the place where the damage was occasioned. *J&D Towing, LLC v. Am. Alt. Ins. Corp.*, 478 S.W.3d 649, 656 (Tex. 2016). If it would be economical and reasonable to repair the property, the property's owner may instead recover the reasonable cost of the replacements and repairs necessary to restore the damaged property to its condition immediately before the accident. *Id*. Either way, the owner may also recover "loss-of-use damages, such as the pecuniary loss of the use of an automobile damaged in a collision." *Id*. (internal quotation and footnote omitted).

We see no evidence of the market value of Sayles's vehicle immediately before and after the accident. Rather, the trial judge's award of $34,609.56 for "property damage" seems to represent the cost to repair Sayles's vehicle. The supporting evidence consists of affidavit testimony and a repair estimate. Specifically, Sayles's affidavit recites, "As a result of the collision on December 20, 2022 [sic], Lillie Annette Sayles incurred a Property Damage Estimate in the amount of $34,609.56. Please see *Exhibit O*."[1] Exhibit O to Sayles's affidavit appears to be

---

[1] In their brief, appellants assert that the property-damage awards "are not based upon any evidence contained in any affidavit." But Sayles's affidavit provides at least facial support for the awards.

a repair estimate by a body shop in Midlothian, Texas, for certain work on a 2017 GMC 1500 Sierra Denali. The exhibit includes a five-page list of parts to be replaced or refinished, estimates of the labor that would be needed, and a concluding "Net Estimate Total" of $34,609.56. Appellants point out that the exhibit is not sworn, which we take to mean that no one swore that the estimate was a true and correct copy of what it appeared to be.

We agree with appellants that there is no probative evidence of the proper measure of repair-cost damages. Sayles's affidavit states only that she "incurred a Property Damage Estimate in the amount of $34,609.56." It does not state that this figure is the reasonable cost of the replacements and repairs necessary to restore the vehicle to its condition immediately before the accident. Thus, the affidavit alone is no evidence of the proper measure of repair damages. *See Exec. Taxi/Golden Cab v. Abdelillah*, No. 05-03-01451-CV, 2004 WL 1663980, at *1–2 (Tex. App.—Dallas July 19, 2004, pet. denied) (mem. op.) (holding that plaintiff's testimony about estimated cost to repair damaged car was no evidence of the reasonableness of the estimated repair cost). Appellees argue that a property owner is generally deemed competent to testify to the value of her own property, but that rule is inapposite; the question in this case is the reasonable cost of necessary repairs, not the value of the vehicle itself.

Nor is the unauthenticated repair estimate probative evidence of the proper measure of repair damages. The document is principally a long list of parts and their

prices, followed by a short list of estimated time and expense for labor, an additional cost for "Paint Materials," and taxes. The document contains no explanation why the particular repairs are necessary and no averment that the listed charges are reasonable. Moreover, the document recites that it was created in March 2022—over a year after the accident—and it contains no proof that the listed repairs are needed because of December 2020 accident rather than some other cause. Given these deficiencies, we conclude that the estimate is no evidence of the reasonable cause of necessary repairs to Sayles's vehicle caused by the accident in question. *See id.* at *1 ("[A]n estimate without the testimony of the person who made the estimate or other expert testimony is no evidence of the necessity of the repair or the reasonableness of the cost of the repair.").

The evidence supporting the $15,000 loss-of-use award is even scantier. It consists of this statement in Sayles's affidavit: "Plaintiff is also requesting $15,000.00 for loss of use of the vehic[]le from December 20, 2020 to [the] present [i.e., April 11, 2023]." This statement is no evidence that $15,000 in any way represents the pecuniary value of a reasonable period of lost use of the vehicle. *See J&D Towing, LLC*, 478 S.W.3d at 655–56 ("By design, loss-of-use damages compensate a property owner for damages that result from a reasonable period of lost use of the personal property.") (internal quotation and footnote omitted); *id.* at 677 (loss-of-use damages must not be speculative and must be supported by evidence rising above the level of pure conjecture). Appellees again refer to the

property-owner rule, but again the rule is inapposite. Sayles may be competent to testify about the vehicle's value, but she simply offers no basis for concluding that $15,000 is a reasonable amount to compensate her for loss of the vehicle's use for a reasonable time. Appellees also suggest that appellants have failed to show any harm, but the harm flowing from a damages award that is unsupported by the evidence is manifest.

In sum, we hold that the awards of damage for property damage and loss of use are supported by legally insufficient evidence.

### 5. Conclusion and Appropriate Relief

We overrule appellants' fourth, fifth, and sixth issues on appeal. We sustain appellants' seventh issue on appeal.

When an appellate court sustains a legal-sufficiency challenge to findings made after a no-answer or a post-answer default judgment, the proper remedy is reversal and remand for a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929–30 (Tex. 2009) (per curiam). Because Sayles's damages for the damage to her vehicle are unliquidated, we may not order a new trial as to damages alone. *See* TEX. R. APP. P. 44.1(b).

Finally, we note that the judgment contains a single prejudgment interest award based on the total amount of damages recovered by both appellees. Because we are reversing the judgment in part, we also reverse the award of prejudgment interest and remand for recalculation upon final judgment.

## IV. DISPOSITION

We reverse the judgment to the extent it awards appellee Lillie Sayles $34,609.56 for "property damage" and $15,000 for "loss of use of her vehicle from December 20, 2020 to present." We also reverse the judgment's award of prejudgment interest. We remand the case for a new trial as to both liability and damages as to appellee Lillie Sayles's claims for losses arising from the physical damage her vehicle sustained in the accident in question, and for recalculation of prejudgment interest. We affirm the judgment in all other respects.

/Dennise Garcia/

DENNISE GARCIA

230765F.P05                                          JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ALEXANDER FERNANDEZ AND
VERONICA GUERRERO
GUTIERREZ, Appellants

No. 05-23-00765-CV          V.

OMARI DUNLAP AND LILLIE
SAYLES (A/N/F MINOR L.G.),
Appellees

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-10756.
Opinion delivered by Justice Garcia.
Justices Breedlove and Kennedy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the portions of the trial court's judgment that award appellee Lillie Sayles $34,609.56 for "property damage" and $15,000 for "loss of use of her vehicle from December 20, 2020 to present." We also **REVERSE** the judgment's award of prejudgment interest. In all other respects, the trial court's judgment is **AFFIRMED**.

We **REMAND** this case to the trial court for a new trial on appellee Lillie Sayles's claims for losses arising from physical damage to her vehicle and for recalculation of prejudgment interest.

It is **ORDERED** that each party bear his or her own costs of this appeal.

Judgment entered this 28th day of August 2024.